JEAN B. M. DUCHE and CLAUDE A. S. DUCHE, Respondents, v. CHARLES HENRY WILSON and Others, Appellants.

*Damages — exemplary damages cannot be given in an action for a breach of contract— the motives for its breach are immaterial.*

In an action to recover damages for a breach of a written contract to transport cattle, the complaint alleged that the breach of the contract was willful, deliberate and without just cause, and demanded, in addition to the amount of damages alleged to have been actually sustained, a further sum of $3,000 as and for exemplary, punitive and incidental damages. During the trial the theories of bad faith on the part of the defendants were presented to the jury and were the subject of comment by the presiding justice. The court refused to charge, as requested by the defendants' counsel, that it was immaterial from what motives the defendants acted in neglecting or refusing to transport plaintiffs' cattle; and that, even if the defendants had refused to transport the cattle solely from malicious motives, the plaintiffs could not, in this action, recover any additional sum for that reason.

*Held,* that it was error to refuse so to charge.

That the error was not cured by the fact that the court had charged, as requested by the defendants' counsel, that exemplary and punitive damages could not be given in the action, as no explanation was made of what was meant by exemplary or punitive damages.

Appeal from a judgment in favor of the plaintiffs, entered on a verdict after a trial at the circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*James Thomson,* for the appellants.

*Wm. Mitchell, Jr.,* for the respondents.

Brady, J.:

This action was brought to recover damages occasioned by a breach of a written contract entered into between the parties for the transportation of 150 head of live cattle, on the steamship Virago, from New York to Deptford, London, England. The complaint contained a charge that the breach of the contract by the defendants was willful, deliberate and without just cause; and

averred as damages for the failure to carry the cattle a loss of $2,380, and demanded $3,000 *as and for exemplary, punitive and incidental damages*, in addition to the loss actually sustained by them, and the profits they would have made.

During the trial the theories of bad faith, on the part of the defendants, was presented to the jury and was the subject of comment by the learned justice presiding at the trial, who upon that subject said : "You have heard from the witnesses, on the part of the defendant, that the reason was that the vessel was so low down in the water from having such a large quantity of coal that they could not be taken on board. They ask you to believe the vessel being here in New York, with a captain and other persons knowing its character, and what she would naturally carry, that they did not know what was the reason of her being lower down in the water than ordinary care would have put her. It is for you to say upon that point what you believe." Upon the conclusion of the charge, which was quite brief, the counsel for the defendants requested the court to charge that it was immaterial from what motives the defendants acted in neglecting or refusing to transport plaintiff's cattle. The court refused so to charge, and defendants' counsel duly excepted to such refusal. The court was then further asked to charge that even if the defendants had refused to transport said cattle solely from malicious motives, plaintiffs could not in this action recover any additional sum for that reason. The court declined so to charge, and defendants' counsel duly excepted.

We have already seen that the court, in charging the jury, drew their attention to the excuse offered by the defendants, and left the subject for their consideration in connection with the whole case.

There can be no doubt that in an action upon contract alleged to have been broken the motives which induced the breach, whether malicious or otherwise (except, perhaps, in an action for a breach of promise of marriage), are wholly immaterial and not admissible. (Mayne on Damages, § 45 ; Sedgwick on Damages, §§ 437, 455.) And, therefore, the jury should have been instructed in such a way as to impress upon them the rule, fully and thoroughly, that in this action the only damages to be recovered were those actually sustained by the plaintiffs, to be established by proof, and were not to be augmented to any extent or any amount by the motives which

induced the defendants to violate their contract, even assuming that such violation was the result of malicious design.

The respondents think, notwithstanding these refusals of the court to charge as requested, that the defendants suffered no injury because one of their requests, namely, that exemplary or punitive damages could not be given in the action, was charged. But it must be said that there was no explanation made of what was meant by exemplary or punitive damages in connection with the charge, and no explanation of those terms was asked by the plaintiffs' counsel. As the case, therefore, was presented to the jury, they were left to understand that it was not immaterial from what motives the defendants acted in neglecting or refusing to transport the plaintiffs' cattle, and that the converse of this proposition, stated by the defendants, must prevail with them, namely, even if the defendants had refused to transport the cattle solely from malicious motives, the plaintiff could not recover in the action an additional sum for that reason, although they were instructed that exemplary or punitive damages could not be recovered in the action, but without, as already suggested, any explanation of what was meant by those terms. This left the jurors to assume that the motives of the defendants could be considered, and more particularly as the learned judge had charged upon that subject; and it had been a theory presented and carried on in the case as a part of its elements. As said in the case of *Stokes* v. *The People* (53 N. Y., 184): " It is impossible that we should know whether these instructions effectually eradicated from the minds of the jury the erroneous impression calculated to be produced by the previous portion of the charge, and we cannot, therefore, pronounce as a conclusion of law, that it had no influence upon the verdict. Whether, under a proper charge, the jury would have come to the same result it is not within our province to decide. The determination of the facts rests wholly with the jury. It is for the court to instruct them as to the law, and these instructions they are bound to follow. If materially erroneous, it is the imperative duty of the appellate tribunal to grant a new trial."

For the refusal of the judge to charge as requested, it becomes necessary to reverse this judgment and order a new trial, with costs to abide the event, without reference to any other of the numerous

exceptions taken in the case, and which we do not feel called upon now to consider.

Ordered accordingly; with costs to abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.